IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>  Defendant. | Case No. 15-cv-2259<br><br>**JURY DEMAND** |

### INNOVATIO'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its counsel, complains of Defendant Marvell Semiconductor, Inc. ("Marvell") as follows:

### THE PARTIES

1. Innovatio is a limited liability company organized under the laws of the State of Delaware with a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2. On information and belief, Marvell is a California Corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, CA 90017.

### JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. The Northern District of Illinois has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. The Northern District of Illinois has personal jurisdiction over Marvell.

5. Venue for this action is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**PATENTS-IN-SUIT**

6. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit A.

7. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit B.

8. On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit C.

9. On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit D.

10. On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit E.

11. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit F.

12. On September 12, 2006, the USPTO duly and legally issued U.S. Patent No. 7,107,052 ("the '052 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '052 Patent is attached as Exhibit G.

13. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit H.

14. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit I.

15. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,935 ("the '935 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '935 Patent is attached as Exhibit J.

16. On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit K.

17. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit L.

18. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages

Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit M. The thirteen patents identified in paragraphs 6-18 are hereinafter referred to collectively as the "Patents-in-Suit."

19. Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the Patents-in-Suit, including the right to sue for and collect past damages.

## PAST LITIGATION INVOLVING THE PATENTS-IN-SUIT

20. Since March 2011, Innovatio has asserted the Patents-in-Suit, and other patents owned by Innovatio, in several actions for patent infringement involving hundreds of parties. *See, e.g., Innovatio IP Ventures, LLC v. ABP Corporation, et al.*, Case No. 11-cv-1638 (N.D. Ill.) (filed March 8, 2011) (the "Original Action"); *Innovatio IP Ventures, LLC v. B&B Holdings, Inc.*, Case No. 11-cv-1325 (M.D. Fla.) (filed May 13, 2011); *Innovatio IP Ventures, LLC v. MEI-GSR Holdings LLC*, Case No. 11-cv-343 (D. Nev.) (filed May 13, 2011); *Innovatio IP Ventures, LLC v. Best Western River North Hotel, L.L.C., et al.*, Case No. 11-cv-4668 (N.D. Ill.) (filed July 11, 2011); *Innovatio IP Ventures, LLC v. Hyatt Corporation, et al.*, Case No. 11-cv-6145 (N.D. Ill.) (filed September 2, 2011); *Innovatio IP Ventures, LLC v. JW Marriott Chicago, et al.*, Case No. 11-cv-6478 (N.D. Ill.) (filed September 15, 2011); *Innovatio IP Ventures, LLC v. Wingate by Wyndham Schaumburg, et al.*, Case No. 11-cv-6479 (N.D. Ill.) (filed September 15, 2011); *Innovatio IP Ventures, LLC v. Comfort Inn O'Hare, et al.*, Case No. 11-cv-6481 (N.D. Ill.) (filed September 16, 2011); *Innovatio IP Ventures, LLC v. Best Western Arrowhead, et al.*, Case No. 11-cv-00643 (W.D. Wis.) (filed September 19, 2011); *Innovatio IP Ventures, LLC v. Madison Marriott West, et al.*, Case No. 11-cv-00644 (W.D. Wis.) (filed September 19, 2011); *Innovatio IP Ventures, LLC v. AirTran Airways, Inc.*, Case No. 12-cv-3844 (N.D. Ill.) (filed May 17, 2012); *Innovatio IP Ventures, LLC v. Barnes & Noble, Inc.*, Case No. 12-cv-3856 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Delta Air Lines, Inc.*, Case No. 12-cv-3858

(N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. The Home Depot, Inc.*, Case No. 12-cv-3860 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. HVM L.L.C.*, Case No. 12-cv-3862 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Jewel Food Stores, Inc.*, Case No. 12-cv-3865 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Lowe's Companies, Inc.*, Case No. 12-cv-3866 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. HVM L.L.C.*, Case No. 12-cv-3862 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. McDonald's Corporation*, Case No. 12-cv-3870 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Starbucks Corporation*, Case No. 12-cv-3872 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. United Parcel Service, Inc.*, Case No. 12-cv-3874 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Wal-Mart Stores, Inc.*, Case No. 12-cv-3878 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. FedEx Corporation, et al.*, Case No. 12-cv-3882 (N.D. Ill.) (filed May 18, 2012) (collectively, the actions referred to in this paragraph 20 are called the "Infringement Actions").

21. Since May 13, 2011, five major suppliers of wireless local area network equipment ("802.11-compliant" or "Wi-Fi") (collectively, these five suppliers are referred to as the "Manufacturers") have filed declaratory judgment actions against Innovatio, which actions initially involved, or subsequently came to involve, the Manufacturers' claims for declarations of invalidity and noninfringement of the Patents-in-Suit, plus other patents owned by Innovatio, as well as Innovatio's counterclaims and cross-claims for infringement of the Patents-in-Suit and other patents. *See, e.g., Cisco Systems, Inc. and Motorola Solutions, Inc. v. Innovatio IP Ventures, LLC*, Case No. 11-cv-425 (D. Del.) (filed May 13, 2011); *SonicWALL, Inc. v. Innovatio IP Ventures, LLC*, Case No. 11-cv-920 (D. Del.) (filed October 7, 2011); *NETGEAR, Inc. v. Innovatio IP Ventures, LLC*, 11-cv-1139 (D. Del.) (filed November 16, 2011); *Hewlett-

*Packard Co. v. Innovatio IP Ventures, LLC*, 12-cv-1076 (N.D. Cal.) (filed March 2, 2012) (collectively, the actions referred to in this paragraph 21 are called the "Declaratory Judgment Actions").

22. Pursuant to a December 28, 2011 transfer order of the United States Judicial Panel on Multidistrict Litigation (the "JPML") and subsequent motion practice before and orders of the JPML, as well as subsequent procedural orders of the Northern District of Illinois, the Infringement Actions and the Declaratory Judgment Actions were transferred to the Northern District of Illinois for consolidated pretrial proceedings with the Original Action (the "Consolidated Litigation").

23. The Original Action, the Infringement Actions, the Declaratory Judgment Actions, and the Consolidated Litigation have been widely publicized in legal publications, in newspapers, and online.

24. Before and during the Original Action, the Infringement Actions, the Declaratory Judgment Actions, and the Consolidated Litigation, Innovatio sent numerous notice letters to entities that make, use, sell, and/or offer for sale Wi-Fi technology, which notice letters advised such entities of Innovatio's infringement assertions with respect to the Patents-in-Suit and other patents owned by Innovatio, and which notice letters offered to grant such entities licenses to the Patents-in-Suit and other patents owned by Innovatio.

25. On July 26, 2013, the Northern District of Illinois determined that all of the patent claims Innovatio asserted in the Consolidated Litigation are "Essential Patent Claims" with respect to the 802.11 IEEE Standard, meaning that the use of all such claims are necessary to create a compliant implementation of either mandatory or optional portions of the normative

clauses of the standard (the "Essentiality Ruling"). *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 851.

26. News of the Essentiality Ruling was widely publicized, at a minimum, in legal publications and online.

27. On October 3, 2013, the Northern District of Illinois determined that the RAND rate to be paid to Innovatio for the licensing of nineteen of its standard-essential patents is 9.56 cents for each Wi-Fi chip (the "RAND Ruling"). *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 88.

28. Each of the thirteen Patents-in-Suit in this Complaint was included in the nineteen patents that formed the basis of the RAND Ruling.

29. In its RAND Ruling, the Northern District of Illinois stated that "[b]ecause the purpose of a Wi-Fi chip is, by definition, to provide 802.11 functionality, determining the importance of Innovatio's patents to the 802.11 standard also determines the importance of Innovatio's patents to the Wi-Fi chip." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 13.

30. In its RAND Ruling, the Northern District of Illinois further stated that "all of the instructions to the various devices mentioned in the claims of Innovatio's patents that operate Wi-Fi are included on the chip." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 13.

31. In its RAND Ruling, the Northern District of Illinois further stated that "the appropriate royalty base in this case is the Wi-Fi chip, the small module that provides Wi-Fi capability to electronic devices in which it is inserted." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 25.

32. In its RAND Ruling, the Northern District of Illinois determined that "Innovatio's patents are in the top 10% of all 802.11 standard-essential patents." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 85.

33. In its RAND Ruling, the Northern District of Illinois determined that "Innovatio's patents are all of moderate to moderate-high importance to the standard, meaning that they provide significant value to the standard." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 85.

34. In its RAND Ruling, the Northern District of Illinois stated that, in *Microsoft Corp. v. Motorola, Inc.*, No. 10-cv-1823 (W.D. Wash.), the district court "concluded that Motorola's patents were only of minimal value to the standard, . . . whereas the court here has found that Innovatio's patents are of moderate to moderate-high importance to the standard." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 87.

35. News of the RAND Ruling was widely publicized, at a minimum, in legal publications and online.

## **MARVELL'S 802.11-COMPLIANT OFFERINGS**

36. Marvell manufactures, offers for sale, sells and/or imports, among other things, 802.11-compliant products used in connection with wireless local area networks.

37. For example, Marvell alleges that it is "leading the marketplace in power efficiency and technical architecture" in the Wi-Fi space. Marvell's 802.11-compliant offerings include, but are not limited to, its Avastar line of chips. (*See* http://www.marvell.com/wireless/ for a more complete listing of Marvell's 802.11 offerings.)

38. Marvell's offerings include 802.11-chips as described in the Northern District of Illinois's Essentiality Ruling and RAND Ruling.

## MARVELL'S KNOWLEDGE OF THE PATENTS-IN-SUIT

39. On information and belief, Marvell has had actual knowledge of the existence of the Patents-in-Suit since at least as early as mid-2011, by which time news of litigation involving the Patents-in-Suit, Innovatio's notice letters, and Innovatio's licensing efforts was widely known.

40. Marvell has had actual knowledge and been on notice of Innovatio's claims of patent infringement against Marvell since, at the latest, October 15, 2013, on which date Marvell received a notice letter from Innovatio.

41. In its October 15, 2013 letter, Innovatio offered to grant Marvell a license to Innovatio's Standard Essential Claims for any compliant implementation of the 802.11 standard at the $.0956 per chip rate set by the Northern District of Illinois.

42. Since early 2014, Innovatio has communicated with Marvell representatives and outside counsel concerning Innovatio's proposed license.

43. Despite the parties' communications, they have not made any meaningful progress toward negotiating a license agreement; nor has Marvell applied for, or otherwise requested, a license to Innovatio's Standard Essential Claims.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,415

44. Innovatio repeats and re-alleges the allegations in paragraphs 1-43 as though fully set forth herein.

45. Marvell has infringed and continues to infringe the '415 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-

compliant products that practice one of more claims of the '415 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

46. On information and belief, Marvell has, with specific knowledge of the '415 Patent, induced or contributed to the direct infringement by others of the '415 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '415 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,844,893

47. Innovatio repeats and re-alleges the allegations in paragraphs 44-46 as though fully set forth herein.

48. Marvell has infringed and continues to infringe the '893 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '893 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

49. On information and belief, Marvell has, with specific knowledge of the '893 Patent, induced or contributed to the direct infringement by others of the '893 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '893 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,740,366**

50. Innovatio repeats and re-alleges the allegations in paragraphs 47-49 as though fully set forth herein.

51. Marvell has infringed and continues to infringe the '366 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '366 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

52. On information and belief, Marvell has, with specific knowledge of the '366 Patent, induced or contributed to the direct infringement by others of the '366 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '366 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,916,747**

53. Innovatio repeats and re-alleges the allegations in paragraphs 50-52 as though fully set forth herein.

54. Marvell has infringed and continues to infringe the '747 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '747 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

55. On information and belief, Marvell has, with specific knowledge of the '747 Patent, induced or contributed to the direct infringement by others of the '747 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '747 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,665,536

56. Innovatio repeats and re-alleges the allegations in paragraphs 53-55 as though fully set forth herein.

57. Marvell has infringed and continues to infringe the '536 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '536 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

58. On information and belief, Marvell has, with specific knowledge of the '536 Patent, induced or contributed to the direct infringement by others of the '536 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '536 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,013,138

59. Innovatio repeats and re-alleges the allegations in paragraphs 56-58 as though fully set forth herein.

60. Marvell has infringed and continues to infringe the '138 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '138 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

61. On information and belief, Marvell has, with specific knowledge of the '138 Patent, induced or contributed to the direct infringement by others of the '138 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '138 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,107,052

62. Innovatio repeats and re-alleges the allegations in paragraphs 59-61 as though fully set forth herein.

63. Marvell has infringed and continues to infringe the '052 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '052 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

64. On information and belief, Marvell has, with specific knowledge of the '052 Patent, induced or contributed to the direct infringement by others of the '052 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe

one or more claims of the '052 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

### COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,483,397

65. Innovatio repeats and re-alleges the allegations in paragraphs 62-64 as though fully set forth herein.

66. Marvell has infringed and continues to infringe the '397 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '397 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

67. On information and belief, Marvell has, with specific knowledge of the '397 Patent, induced or contributed to the direct infringement by others of the '397 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '397 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

### COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 7,710,907

68. Innovatio repeats and re-alleges the allegations in paragraphs 65-67 as though fully set forth herein.

69. Marvell has infringed and continues to infringe the '907 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '907 Patent, where any such claim is

necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

70. On information and belief, Marvell has, with specific knowledge of the '907 Patent, induced or contributed to the direct infringement by others of the '907 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '907 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

## **COUNT X – INFRINGEMENT OF U.S. PATENT NO. 7,710,935**

71. Innovatio repeats and re-alleges the allegations in paragraphs 68-70 as though fully set forth herein.

72. Marvell has infringed and continues to infringe the '935 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '935 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

73. On information and belief, Marvell has, with specific knowledge of the '935 Patent, induced or contributed to the direct infringement by others of the '935 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '935 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

## COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 6,714,559

74. Innovatio repeats and re-alleges the allegations in paragraphs 71-73 as though fully set forth herein.

75. Marvell has infringed and continues to infringe the '559 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '559 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

76. On information and belief, Marvell has, with specific knowledge of the '559 Patent, induced or contributed to the direct infringement by others of the '559 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '559 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

## COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 7,457,646

77. Innovatio repeats and re-alleges the allegations in paragraphs 74-76 as though fully set forth herein.

78. Marvell has infringed and continues to infringe the '646 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '646 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

79. On information and belief, Marvell has, with specific knowledge of the '646 Patent, induced or contributed to the direct infringement by others of the '646 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '646 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

### COUNT XIII – INFRINGEMENT OF U.S. PATENT NO. 6,374,311

80. Innovatio repeats and re-alleges the allegations in paragraphs 77-79 as though fully set forth herein.

81. Marvell has infringed and continues to infringe the '311 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '311 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

82. On information and belief, Marvell has, with specific knowledge of the '311 Patent, induced or contributed to the direct infringement by others of the '311 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to Marvell's customers 802.11-compliant products that are used by Marvell's customers to obtain the benefit of and/or directly infringe one or more claims of the '311 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**PRAYER FOR RELIEF**

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief from Marvell that may be included in any trial with Marvell regarding the infringement of Innovatio's Patents-in-Suit, including:

A. That Marvell be adjudged to have infringed one or more claims of each of the Patents-in-Suit;

B. That Marvell account for damages sustained by Innovatio as a result of Marvell's infringement of the Patents-in-Suit to the extent, and for such infringement as Innovatio elects to recover from Marvell, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284;

C. That the Court award Innovatio its costs, expenses, and attorneys' fees pursuant to at least 35 U.S.C. § 285; and

D. That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 16, 2015  */s/ Matthew G. McAndrews*
Matthew G. McAndrews
Kyle D. Wallenberg
Niro, McAndrews, Dowell & Grossman, LLC
200 West Madison Street
Suite 2040
Chicago, Illinois 60606
Telephone: (312) 755-8577
Email: mmcandrews@niro-mcandrews.com
Email: kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC